# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH D. PHILLIPS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-1196 |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD JAMES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CONTI, Chief District Judge.**

## I. Introduction

Presently pending before the court are two motions to dismiss the amended complaint (ECF No. 28) filed, *pro se*, by Joseph D. Phillips, Jr. ("Phillips" or "Plaintiff"). The first motion to dismiss, (ECF No. 31), was filed by the defendants, Commonwealth of Pennsylvania (the "Commonwealth"), and the Pennsylvania Human Relations Commission (the "PHRC," and together with the Commonwealth, the "Commonwealth Defendants"). The second motion to dismiss, (ECF No. 40), was filed by defendant Richard James ("James"). Plaintiff filed a response in opposition to both motions. (ECF Nos. 34, 42). Also pending are two motions filed by Plaintiff, a document styled "Motion for Summary Judgment under Rule 56, Mot[i]on to Cease and Decese (*sic*), and Motion to Recuse Judge Flowers Conti," (ECF No. 43),[1] and a motion for permissive joinder of parties, (ECF No. 44). Defendants filed responses to Plaintiff's motion for permissive joinder of parties. (ECF Nos. 45, 46).

---

[1] A review of this document reveals that although it is styled as a motion for summary judgment, it is in substance additional briefing in opposition to the Commonwealth Defendants' motion to dismiss. To the extent it could be construed as a motion for summary judgment, it will be denied in light of this court's ruling on the pending motions to dismiss.

1

## II. Factual and Procedural Background

Plaintiff, proceeding *pro se*, filed his original complaint on October 3, 2013, on behalf of the "Phillips Family," against James, the Commonwealth Defendants, and the "United States Government." (ECF No. 9). On November 4, 2013, this court issued an Order to Show Cause, requiring Phillips to show cause why his complaint should not be dismissed for lack of standing, and granting him leave to amend the complaint to correct the party designation. (ECF No. 22). Thereafter, Plaintiff filed the instant amended complaint, in which he is the named plaintiff. *See* (ECF No. 28).[2]

Although Plaintiff's amended complaint is disjointed and at times unintelligible, he appears to complain about events surrounding a purchase agreement he entered into on October 3, 2006, for the purchase of a home owned by James. (ECF No. 28 at 4, ECF No. 28-1 at 54).[3] Plaintiff alleges that despite never missing a payment, James refused to convey the deed to him. (ECF No. 28 at 5). Plaintiff contends that James' actions with respect to this transaction violated the Fair Housing Act (the "Fair Housing Act"), 42 U.S.C. § 3601 *et seq*. *Id*. at 6. As a result, Plaintiff alleges that he filed a "verified housing complaint" with the United States Housing and Urban Development Office, which referred his complaint to the PHRC. *Id*., *see* (ECF No. 28-1 at 46-50). Plaintiff avers that following a "meeting" with employees of the PHRC and James, Plaintiff "signed a letter" stating that "the Common Pleas Judges" would make a determination in his case. (ECF No. 28 at 5). Plaintiff alleges that after this "meeting," James filed terroristic threat charges against him on July 10, 2009 at Docket No. CR-0000365-09 that were dismissed. (ECF No. 28 at 5-6). Plaintiff contends that James "provoked" him "every day[,]" and the charges against him "gave [James] permission to kill plaintiff." *Id*. at 5.

Plaintiff asserts that in 2008, James filed "charges for slander" against him after Plaintiff had paid him $11,500.00 for the home. (ECF No. 28 at 6). This dispute was heard by an arbitration board that found in Plaintiff's favor, and James appealed the matter to the Court of

---

[2] Plaintiff also dropped the United States Government as a defendant. *See* (ECF No. 28).

[3] In ruling on a motion to dismiss, a court may consider the complaint, attached exhibits, matters of public record, and undisputedly authentic documents not attached to the complaint if the complainant's claims are based on those documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

2

Common Pleas of Allegheny County at Docket No. AR 08-12191. *Id*., *see* (ECF No. 28-1 at 2). Plaintiff contends that Judge Strassburger violated his due process rights and rights under the Americans with DisabilityAct, 42 U.S.C. § 12132 *et seq*. (the "ADA"), by denying his request for a continuance. (ECF No. 28 at 6-7). Plaintiff avers that the case was heard by Judge Lutty, who allegedly violated Plaintiff's Fourteenth Amendment rights when he changed his jury trial demand to a non-jury trial, and withheld judgment "so that plaintiff could not file [an] appeal." *Id*. at 7.

Plaintiff's amended complaint references proceedings at Docket No. GD-09-2758, *Phillips v. James*, in the Court of Common Pleas of Allegheny County. (ECF No. 28 at 8, ECF No. 28-1 at 57). This matter was heard by Judge O'Reilly, and resulted in a non-jury verdict in favor of James. (ECF No. 28-1 at 57). Plaintiff alleges that Judge O'Reilly violated, *inter alia*, the Fair Housing Act and the ADA. (ECF No. 28 at 8). Plaintiff alleges that Judge O'Reilly's actions "violated the 13th amendment of the Constitution put the plaintiff in involuntary servitude." (*sic*) *Id*. at 9. Plaintiff asserts that Judge Strassburger denied his request for a continuance in violation of 42 U.S.C. § 1983. *Id*. at 8.

Plaintiff avers that on September 5, 2009, he filed a federal lawsuit at C.A. No. 09-1474, *Phillips v. James et al.*, in the United States District Court for the Western District of Pennsylvania, ("*Phillips I*"), wherein he asserted various constitutional torts or statutory violations against James and Judges Lutty and Strassburger. (ECF No. 28 at 9). This lawsuit contained the same allegations as the instant lawsuit, and on July 8, 2010, this court dismissed the case, finding, *inter alia*, that it was barred by the *Rooker-Feldman* doctrine. *Phillips v. James*, Civil Action No. 09-1474, 2010 WL 2723212 (W.D.Pa. July 8, 2010). On December 13, 2010, the United States Court of Appeals for the Third Circuit affirmed the decision. *Phillips v. James*, 403 F. App'x 641 (3d Cir. 2010). Plaintiff alleges that the undersigned erred in dismissing his case, and that the United States Court of Appeals for the Third Circuit erred in affirming the decision, denying him "the right of access to the court." (ECF No. 28 at 10-11).

On October 3, 2011, the United States Supreme Court denied Plaintiff's motion to proceed *in forma pauperis*, and Plaintiff was allowed until October 24, 2011, to pay the

docketing fee. *Phillips v. James*, 132 S.Ct. 89 (2011); *see* (ECF No. 28 at 12, ECF No. 28-1 at 10). Plaintiff alleges that he "could not pay for the case to be heard." (ECF No. 28 at 12). Because Plaintiff did not pay the docket fee within the time allowed, his case was closed by the United States Supreme Court on December 1, 2011.[4]

Plaintiff alleges that James' actions violated the Fair Housing Act, and he purports to raise a claim under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 28 at 6, 13). Plaintiff alleges that he "brings this suit against the Commonwealth of Pennsylvania for the wrongful death of Peggy Phillips and Stephanon Smith both lost there lives because plaintiff had to fight these court cases, and for violation of the R.I.C.O. Act[.]" (*sic*) *Id*. at 13. Finally, Plaintiff alleges that "the omission of P.H.R.C." and "breach of duty gives rise to [t]his Bivens action." *Id*. at 5. The Commonwealth Defendants and James moved for dismissal of all claims asserted by Plaintiff.

### III. Standards of Review

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a matter if it lacks subject-matter jurisdiction over the complaint. FED. R. CIV. P. 12(b)(1). Challenges to subject-matter jurisdiction under Rule 12(b)(1) may be facial or factual in form. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge attacks the complaint on its face and requires the court to consider only the complaint's allegations and to do so in the light most favorable to the plaintiff. *Mortensen*, 549 F.2d at 891. A factual challenge contests the existence of subject-matter jurisdiction, apart from any pleadings. *Id*. In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. *Id.* In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *Id.; Gould*, 220 F.3d at 178.

---

[4] The docket entry from the United States Court of Appeals for the Third Circuit states that because Plaintiff did not comply with the Supreme Court's order within the time allowed, his case was "considered closed." *Phillips v. James*, No. 10-3118 (3d Cir. Dec. 5, 2011).

4

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. V. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U. S. at 556-57). As explained by the Supreme Court:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (quoting *Twombly*, 550 U.S. at 556-57) (internal citation omitted).

Two working principles underlie *Twombly*. *Iqbal*, 556 U.S. at 678. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility

5

of misconduct, the complaint has alleged—but it has not 'show[n]—that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions. "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

*Pro se* plaintiffs are held to a less stringent standard that individuals represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). ("Pro se litigants are held to a lesser pleading standard than other parties."). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's … legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Even though a plaintiff is *pro se,* he or she must "set forth sufficient information to outline the elements of [his or her] claim." *Kost*, 1 F.3d at 183 (citing 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)). Thus, a plaintiff is required to present enough factual allegations for the court, accepting those allegations as true, to determine whether there are plausible claims that the defendants violated the plaintiff's federal rights. *Id.*; *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (a litigant, even one that is *pro se,* "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se.").

**IV. Discussion**

    *A. Motion for Recusal*

As an initial matter, the court will address Plaintiff's motion for recusal of the undersigned. (ECF No. 43 at 2-3). Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias." *In re Prudential Ins. Co. Am. Sales Practices Litgit.*, 148 F.3d 283, 343 (3d Cir. 1998). A recusal motion must assert "objective facts" that demonstrate "an appearance of impropriety." *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989). The standard for recusal is whether "'a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (quoting *In re Prudential*, 148 F.3d at 343). For recusal to be warranted, the bias or prejudice must be extrajudicial. *Id*. "'[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id*. (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see In re Shimer*, 215 F. App'x 149, 150 (3d Cir. 2007) ("Shimer does not rely on any extra-judicial partiality (i.e., on arising from something other than events occurring during judicial proceedings.).").

Here, Plaintiff's motion is premised upon his dissatisfaction with this court's ruling rendered in connection with the dismissal of *Phillips I*, wherein the court concluded that his claims were barred by, *inter alia*, the *Rooker-Feldman* doctrine. This court's prior ruling, however, fails to serve as an adequate basis for recusal under § 455(a). *See Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). In addition, the record would not support a finding of such a high degree of any favoritism or antagonism on the undersigned's part as to make fair judgment in future proceedings impossible

or any extrajudicial factor causing impartiality. Plaintiff's showing is simply insufficient to warrant recusal and the motion will be denied.

### B. *Motions to Dismiss*

#### 1. *James' motion to dismiss*

James argues that dismissal is warranted on the basis of *res judicata* or collateral estoppel. (ECF No. 41). James asserts that Plaintiff's claims against him are time-barred. (ECF No. 40 at p. 2). The court agrees with James that Plaintiff is precluded from pursuing the instant action under the doctrine of issue preclusion.

"Issue preclusion", also known as collateral estoppel,[5] bars relitigation of issues adjudicated in a prior action. *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007). The parameters of this doctrine have been defined by the United States Court of Appeals for the Third Circuit as follows:

> Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated. "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" *Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995) (quoting *In re Graham*, 973 F.2d 1089, 1097 (3d Cir. 1992)); *see also Parklane Hosiery Co. v. Shore* 439 U.S. 322, 326, n.5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). In its classic form, collateral estoppel also required "mutuality"—i.e., that the parties on both sides of the current proceeding be bound by the judgment in the prior proceeding. *Parklane Hosiery Co. v. Shore* 439 U.S. at 326-27, 99 S.Ct. 645. Under the modern doctrine of non-mutual issue preclusion, however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 324, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Parklane Hosiery*, 439 U.S. at 329, 99 S.Ct. 645. For defensive collateral estoppel—a form of non-mutual issue preclusion—to apply, the party to be precluded must have had a "full and fair" opportunity to litigate the issue in the first action. *See Parklane Hosiery*, 439 U.S. at 328, 332, 99 S.Ct. 645; *Blonder-Tongue Labs.,* 402 U.S. at 331, 333, 91 S.Ct. 1434.

---

[5] "The terms 'collateral estoppel' and 'issue preclusion' are frequently used interchangeably." *Walker v. Horn*, 385 F.3d 321, 336-37 n.33 (3d Cir. 2004) (citation omitted).

8

*Peloro*, 488 F.3d at 174-75 (footnote omitted). Because the final judgment upon which James' claim of collateral estoppel is based was issued by this court in *Phillips I*, the United States Court of Appeals for the Third Circuit's formulation for federal collateral estoppel applies. *Id*. at 175 n.11 (citing *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 145 (3d Cir. 1999).

All the above requirements for the application of issue preclusion are present in this case. Plaintiff filed an almost identical complaint against James in *Phillips I*, which the court dismissed for lack of subject-matter jurisdiction based upon the *Rooker-Feldman* doctrine. *See Phillips v. James*, Civil Action No. 09-1474, 2010 WL 2723212 (W.D.Pa. July 8, 2010). The United States Court of Appeals for the Third Circuit affirmed the decision. *Phillips v. James*, 403 F. App'x 641 (3d Cir. 2010). This court's prior ruling on subject- matter jurisdiction is entitled to preclusive effect. *See Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 212-13 (3d Cir. 1997) (holding that once the district court determined that it lacked subject-matter jurisdiction over the plaintiff's claims, that determination had a preclusive effect); *see also Agcaoili v. Wiersielis*, 273 F. App'x 138, 139 (3d Cir. 2008) (holding that a prior dismissal for lack of subject-matter jurisdiction has a preclusive effect on the present jurisdictional issue) (citing *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) (holding that the preclusive effect of a dismissal for lack of subject-matter jurisdiction is limited to future litigation of that ground of dismissal); *Boone v. State of Ca.,* Civil Action No. 12-0904, 2012 WL 5380656, at *2 (E.D.Pa. Nov. 2, 2012) (holding that the plaintiff was precluded from "bringing the same action in the same court that dismissed his case for lack of subject matter jurisdiction"). Accordingly, this action must likewise be dismissed for lack of subject-matter jurisdiction.

Alternatively, even if Plaintiff's litigation is not so precluded, his claims still fail. It is well settled that claims brought pursuant to 42 U.S.C. § 1983[6] are subject to the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Elliott*

---

[6] Plaintiff states he is asserting a "*Bivens*" claim against James. A *Bivens* action, arising under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is the federal equivalent of a § 1983 action. *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). However, there are no allegations in the amended complaint that James is a federal actor. Given this court's obligation to construe Plaintiff's pleadings liberally, the court construes his amended complaint against James as arising under § 1983.

9

*Reihner Siedzikowski & Egan, P.C. v. Pa. Employees Benefit Trust Fund*, 161 F. Supp. 2d 413, 420 (E.D.Pa. 2001), *aff'd,* 29 F. App'x 838 (3d Cir. 2002). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 PA. CONS. STAT. § 5524; *Elliot*, 161 F. Supp. 2d at 421. Although the statute of limitations for a § 1983 claim is borrowed from state law, when a § 1983 claim accrues is governed by federal law. The statute of limitations for a § 1983 action begins to run from the time a plaintiff knows, or has reason to know, of any injury which is the basis of the action. *Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1988); *Elliot*, 161 F. Supp. 2d at 420-21. A claim accrues upon awareness of an actual injury, not upon awareness that the injury constitutes a legal wrong. *Elliott*, 161 F. Supp. 2d at 421. The United States Court of Appeals for the Third Circuit has recognized that a district court may consider whether a claim is barred by the statute of limitations in the context of a motion to dismiss where the viability of that defense may be discerned from the complaint itself, *i.e.*, where the facts as pled demonstrate that the claim was not timely filed. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

Here, Plaintiff submitted his complaint and petition for leave to proceed *in forma pauperis* with the Clerk of Court on August 20, 2013. (ECF No. 1). Accordingly, any claims with respect to an alleged constitutional injury occurring prior to August 20, 2011 of which he was aware, or reasonably should have been aware, are time barred. *See Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (a cause of action under § 1983 accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action) (citing *Sameric Corp.*, 142 F3d at 599)). All the events giving rise to the instant lawsuit occurred, at the latest, in 2009, and Plaintiff was certainly aware of any alleged injury upon which his claims were based since he filed *Phillips I* on November 5, 2009, asserting the same claims as those raised now. Therefore, Plaintiff's claims against James are time barred.[7]

---

[7] To the extent Plaintiff's amended complaint could be construed to raise claims under the Fair Housing Act of 1988, 42 U.S.C. 3601 *et seq.*, or Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*, they are also governed by a two-year statute of limitations and are time barred. 42 U.S.C. § 3613(a)(1)(A); *Alexander v. Riga*, 208 F.3d 419, 427 (3d Cir. 2000) (discussing the FHA); *Disabled in Action v. SEPTA*, 539 F.3d 199, 208 (3d

### *2. Commonwealth Defendants*

Commonwealth Defendants move for dismissal on the grounds that Plaintiff's claims against them are barred by Eleventh Amendment immunity, principles of abstention, or collateral estoppel. (ECF No. 32).

To the extent Plaintiff is attempting to sue the Commonwealth or the PHRC for the alleged actions of Judge Strassburger or Judge Lutty, the preclusive effect of the prior dismissal applies with equal force with respect to these defendants. Plaintiff is precluded from "advancing a position he or she has presented and lost in a prior proceeding against a different adversary." *Peloro*, 488 U.S. at 174-75.

In the event Plaintiff's amended complaint could be construed as an attempt to assert a "wrongful death action" or a "RICO" action against the Commonwealth, and a § 1983 action against the PHRC for its alleged "breach of duty," these claims are barred by the Eleventh Amendment to the United States Constitution.[8] The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it … a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The PHRC, as an administrative state agency, is also entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. *Gary v. PHRC*, 497 F. App'x 223, 226-27 (3d Cir. 2012) (affirming dismissal of constitutional and civil rights claims asserted against the PHRC on Eleventh Amendment immunity grounds); *Cook v. Floyd*, 398 F. App'x 702, 703 (3d Cir. 2010) ("The PHRC is an administrative commission within the executive department of

---

Cir. 2008) (discussing the ADA and applying Pennsylvania's two-year statute of limitations applicable to personal injury actions).

[8] The Eleventh Amendment of the United States Constitution provides:
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

the Commonwealth of Pennsylvania and, as such, it shares in the Commonwealth's Eleventh Amendment immunity and the Commonwealth did not waive it").

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, *Wilson v. Vaughn*, CIV. A. 93-cv-6020, 1996 WL 426538, at *1 n.2 (E.D.Pa. July 30, 1996), and Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages or RICO claims. *See* 42 PA.CONS. STAT. § 8512(b); *Chittister v. Dep't of Cmty and Econ.Dev.*, 226 F.3d 223, 226 (3d Cir. 2000) ("The legislature has directed that the Commonwealth retains its sovereign immunity. *See* 1 PA.CONS.STAT. § 2310 ("[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth ... shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."); *Dianese, Inc. v. Comm. of Pa.*, CIV. A. 01-2520, 2002 WL 1340316, at *4 (E.D.Pa. June 19, 2002) ("Congress has not done so in RICO or in any of the federal civil rights statutes under which plaintiffs have brought suit."), *aff'd*, 80 F. App'x 285 (3d Cir. 2003) (Table case). Eleventh Amendment immunity directly applies here and prevents Plaintiff from maintaining a civil action for damages against the Commonwealth Defendants. Plaintiff's amended complaint will be dismissed for lack of subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.").

It is noteworthy that neither the Commonwealth nor the PHRC is a "person" for purposes of § 1983, and they are not amendable to suit under the civil rights statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

### C. Motion for Permissive Joinder

Plaintiff filed a motion seeking to join Gladys V. Phillips, Joseph D. Phillips, III, Monique L. Phillips, Tanya J. Phillips, and Peggy Phillips as additional plaintiffs to this action. He seeks to add the U.S. Department of Housing and Urban Development (H.U.D.) as a party defendant. *See* (ECF No. 44). Plaintiffs may be joined together in a single action pursuant to Rule 20(a) of the Federal Rules of Civil Procedure if they can assert a joint right to relief arising

12

out of the same transaction or occurrence, and if there is any question of law or fact common to all plaintiffs. FED. R. CIV. P. 20(a)(1). Defendants may be joined in one action if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact is common to all defendants. FED. R. CIV. P. 20(a)(2).

For the reasons set forth in this court's Order to Show Cause dated November 4, 2013, Plaintiff's request for joinder of the various members of the Phillips family will be denied for lack of standing. *See* (ECF No. 22). Plaintiff's motion to join H.U.D. as a defendant will also be denied, since it is well settled that a federal agency is not a "person" subject to § 1983, whether or not it is in an alleged conspiracy with state actors. *Hindes v. F.D.I.C.*, 137 F.3d. 148, 158 (3d Cir. 1998); *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) (holding that "[t]he United States and other governmental entities are not 'persons' within the meaning of Section 1983.") (alteration in original). To the extent Plaintiff is attempting to assert a *Bivens* action, he is precluded from doing so, since a *Bivens* action seeking monetary damages may not be asserted against federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Therefore, Plaintiff's Motion for Permissive Joinder of Parties will be denied.

**V. CONCLUSION**

The Third Circuit Court of Appeals has held that district courts should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. *Kim v. I.R.S.*, 522 F. App'x 157, 159 (3d Cir. 2013) (citing *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004)). The amended complaint provides no basis upon which this court can exercise subject-matter jurisdiction, and because the jurisdictional deficiencies are incapable of being cured by way of further amendment, dismissal of the amended complaint is appropriate. Alternatively, the amended complaint fails to state a claim upon which relief can be granted, and cannot be cured by an amendment. Accordingly, James' Motion to Dismiss and the Commonwealth Defendants' Motion to Dismiss will be granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and, alternatively, pursuant to

13

Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Motion for Summary Judgment, Motion for Recusal, and Motion for Permissive Joinder will be denied.

An appropriate Order will be entered.

By the Court,

s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Dated: April 23, 2014

cc: Joseph D. Phillips, Jr.
306 Hawkins Avenue
Braddock, PA 15104
(via First-Class U.S. Mail)